In the Matter of ROBERT E. JOHNSON, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 28, 1991

### APPEARANCES OF COUNSEL

*Robert H. Straus (Mark F. DeWan* of counsel), for petitioner.

*Percy Briscoe* for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding the respondent was charged with 10 allegations of professional misconduct. The Special Referee sustained all 10 charges. The petitioner moved to confirm the report of the Special Referee and the respondent cross-moved to disaffirm the report.

Charge one alleges that the respondent converted funds entrusted to him as an escrow agent. Between October 16, 1986 and February 3, 1987, the respondent drew eight checks on his escrow account totaling $7,020 payable to himself. On March 3, 1987, the respondent deposited $5,000 in client funds into a general business account. Thereafter, between March 3 and April 10, 1987, he withdrew funds from that account for personal and/or business purposes, causing the balance to be reduced to a negative $.32. On April 8, 1987, the respondent was required to be holding a balance of at least $38,500 in his escrow account pursuant to several escrow obligations. However, on that date the balance in his escrow account had been reduced to $25,543.53. On April 23, 1987, when the respondent was required to be holding $27,000 in escrow, the balance in his account was only $13,070.94. Between April 23 and June 24, 1987, the respondent drew 13 checks, totaling $4,945.48 from his escrow account for personal and/or business purposes.

Charge two alleges that the respondent improperly commingled funds entrusted to him as escrow agent with funds utilized for personal and/or business purposes.

Charge three alleges that the respondent improperly entered into business transactions with a client. During the course of his representation of a client, the respondent assisted the client in opening a money market savings account into which $94,561.96 was deposited. Thereafter, the respondent improperly caused his client to make five separate loans to him between May 30, 1986, and August 15, 1987, totaling $38,800. He failed to secure the loans and failed to fully disclose to his client the legal ramifications of those loans. Although the respondent prepared and executed an agreement to repay the loans by October 31, 1987, he failed to do so.

Charge four alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit and misrepresentation by submitting an affidavit to the Civil Court of the City of New York, signed by his client and notarized by him, which he knew contained a false statement of fact.

Charge five alleges that the respondent neglected a legal matter wherein he was retained to prosecute a lawsuit in August 1986 against an apartment complex and its managing agent. After serving a summons and complaint in September 1986 he failed to take any additional steps to prosecute the matter.

Charge six alleges that the respondent failed to communicate with a client as to the status of a pending legal action. Specifically, the respondent failed to advise his client that he had relocated his law office in June 1987 from Brooklyn to Manhattan.

Charge seven alleges that the respondent neglected a legal matter wherein he was retained on January 6, 1987, by a husband to prosecute a divorce proceeding. In March 1987 the respondent assured his client that he would serve a summons upon the wife or her attorney as soon as practicable, but failed to do so until July 26, 1988.

Charge eight alleges that after March 1987 the respondent failed to communicate with a client as to the status of a pending legal action in that he failed to return his client's numerous telephone calls. Furthermore, the respondent failed to advise his client that in June 1987 he had vacated his law office and/or that he had reestablished his law practice in New York County.

Charge nine alleges that the respondent failed to carry out a contract of employment with a client concerning the sale of real property. Pursuant to a March 23, 1987 contract, the respondent was to hold $9,000 in escrow until closing. A rider to the contract provided that the seller was entitled to retain $800 of the down payment as liquidated damages if the purchaser failed to obtain a mortgage. Although the respondent learned on or about May 29, 1987 that the purchasers had been unable to obtain financing, he did not refund the down payment, $8,200, until July 21, 1987. The respondent failed to refund the $800 in liquidated damages to his client.

Charge ten alleges that the respondent failed to cooperate with a legitimate investigation of the Grievance Committee. The respondent repeatedly failed to provide his escrow records

to the Grievance Committee, despite the issuance of a judicial subpoena duces tecum.

The Special Referee sustained all 10 charges.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining all 10 charges. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm the report is denied.

The respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm the report is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Robert E. Johnson, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Robert E. Johnson shall continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.